```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA
```

WA'IL MANSUR MUHANNAD,         )
                               )
            Petitioner,        )           8:06CV435
                               )
     v.                        )
                               )
JAMES P. ROWODLT,              )           MEMORANDUM OPINION
et al.,                        )
                               )
            Respondent.        )
_____)

This matter is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") (Filing No. 1), filed by the petitioner, Wa'il Mansur Muhannad, f/k/a Anthony L. Austin, previously convicted in this Court in Case No. 4:88CR102 of violating 18 U.S.C. §§ 922(a)(6), (g)(1) and 924(a)(1), (e)(1). In his § 2241 petition, the petitioner challenges the execution of his sentence and names Chief United States Probation Officer James P. Rowoldt[1] as the respondent. The petitioner is presently serving a sentence at a federal prison facility in Marion, Illinois.

A petition pursuant to 28 U.S.C. § 2241 may be used to challenge the execution of a federal prisoner's sentence. For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary

---

[1] The Court notes petitioner has referred to defendant as James P. Rowodlt. The Court will refer to defendant by his proper name, James P. Rowoldt.

actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In this case, the petitioner objects to a prospective placement in a residential or community facility under statutes presently in effect which were not in existence when he was sentenced. He contends that such placement violates ex post facto and due process principles.

While it appears that the petitioner has chosen the correct statutory framework for his challenge, he has brought this action in the wrong court, and he has named the wrong person as the respondent. A petition pursuant to 28 U.S.C. § 2241 must be filed in a court within the district of confinement or, if appropriate, in a district where the federal court can serve process on the petitioner's custodian. *See generally Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495-99 (1973) (§ 2241 jurisdiction lies in the district of the petitioner's actual physical confinement and also in the district(s) where the federal court can serve process on the petitioner's custodian). In addition, the appropriate respondent is the petitioner's custodian, *i.e.*, the warden of his prison facility or possibly the Bureau of Prisons, not a United States probation officer in

the District of Nebraska.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court