```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF NEBRASKA

WA'IL MANSUR MUHANNAD,        )
                              )
            Petitioner,       )         8:06CV435
                              )
      v.                      )
                              )
JAMES P. ROWODLT,             )         MEMORANDUM OPINION
et al.,                       )
                              )
            Respondent.       )
_____)
```

This matter is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") (Filing No. 1), filed by the petitioner, Wa'il Mansur Muhannad, f/k/a Anthony L. Austin, previously convicted in this Court in Case No. 4:88CR102 of violating 18 U.S.C. §§ 922(a)(6), (g)(1) and 924(a)(1), (e)(1), and the respondent's response (Filing No. 21) to the Court's order (Filing No. 17) to show cause why the writ should not issue.  Also before the Court is petitioner's motion to withdraw notice of appeal (Filing No. 15) and his motion for claration (sic) of order and request for show cause order (Filing No. 16).

In his § 2241 petition, the petitioner challenges the execution of his sentence and names Chief United States Probation

Officer James P. Rowoldt[1] as the respondent. The petitioner is presently residing in an apartment in Omaha, Nebraska.

A petition pursuant to 28 U.S.C. § 2241 may be used to challenge the execution of a federal prisoner's sentence. For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In this case, the petitioner objects to a prospective placement in a residential or community facility under statutes presently in effect which were not in existence when he was sentenced. He contends that such placement violates ex post facto and due process principles.

The petitioner was sentenced under the law in effect prior to the Sentencing Reform Act of 1984 because his crimes were committed prior to the Act's November 1, 1987, effective date. Under the applicable law, the petitioner was subject to parole under 18 U.S.C. § 4164 "until the expiration of his maximum term or terms for which he was sentenced less one hundred eighty days." The petitioner's maximum sentencing term runs until August 30, 2013, and he is subject to parole until March 3,

---

[1] The Court notes petitioner has referred to defendant as James P. Rowodlt. The Court will refer to defendant by his proper name, James P. Rowoldt.

-2-

8:06-cv-00435-LES-PRSE   Doc # 22   Filed: 02/01/07   Page 3 of 5 - Page ID # 60

2013, one hundred and eighty days prior to his maximum sentencing date.  Habeas Petition, Ex. 1 (Filing No. 1).

As the Court previously noted, the petitioner has left prison and is housed in an apartment in Omaha, Nebraska, not a residential community treatment center or community correction center (See Filing No. 20).  Thus, his habeas petition challenging his prospective placement in such a facility is moot because, after leaving prison, he was not placed in such a facility.  Petitioner's only continuing responsibility related to his felony convictions is that he remains under the supervision of the United States Probation Office of the District of Nebraska and must abide by the conditions or terms of his parole.

Petitioner's ex post facto claim is inappropriate because the ex post facto clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *California Dept. of Corrections v. Morales*, 514 U.S. 499, 504 (1995).  "To fall within the ex post facto prohibition a law must be retrospective –- 'that is it must apply to events occurring before its enactment,'" *Lynce v. Mathsi*, 519 U.S. 433, 441 (1997)(*quoting Weaver v. Graham*, 450 U.S. 24, 29 (1981)), and it must increase the penalty for a crime.  *Garner v. Jones*, 529 U.S. 244, 255 (2000).

Here, the petitioner has not been subjected to any law enacted after his crimes occurred which increased the penalty for

his crimes.  Under 18 U.S.C. § 4210, petitioner remains in the custody of the Attorney General until the expiration of the maximum term or terms for which he was sentenced –- August 30, 2013, less 180 days.  His continued supervision by the probation office and the demand that he adhere to the conditions of his parole has not increased the penalty for his crimes.

   Even if petitioner was placed in a community corrections center or a residential community treatment center, this placement would not raise an ex post facto claim because it would not increase his punishment since "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration."  *United States v. Johnson*, 529 U.S. 53, 59 (2000).  Thus, placement in a community corrections center or a residential community treatment center would only change the nature of his "in custody" placement but would not increase his punishment because this placement is designed to aid in the transition into the community after an extended period of incarceration.  *Johnson*, 529 U.S. at 59-60.  Therefore, petitioner's ex post facto claims fail and petitioner's § 2241 petition will be dismissed.

   As to his motion for claration (sic) of order and request for show cause order, the Court required the respondent to show cause why the writ should not issue (Filing No. 17) dated October 17, 2006.  Thus, the motion for "claration" will be

-4-

denied as moot.  Petitioner's motion to withdraw his notice of appeal (Filing No. 15) will be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of February, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court